**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

```
In re:                        )   Case No. 23-90010-B-13
                              )
MARIA LUZ NAVARRO,            )   DC No. CRH-3
                              )
                              )
            Debtor(s).        )
_____)
```

**MEMORANDUM DECISION DENYING SCENIC OAKS' MOTION
TO RECONSIDER AND VACATE ORDER SUSTAINING DEBTOR'S OBJECTION TO
SCENIC OAKS' CLAIM**

**I.**

**Introduction**

Before the court is a *Motion for Relief From Order Under FRCP 60(b)(1)* filed by secured creditor Scenic Oaks Funding, LLC ("Scenic Oaks"). Scenic Oaks asks the court to reconsider and vacate an order entered on June 26, 2023, sustaining an objection by Debtor Maria Navarro ("Debtor") to Scenic Oaks' claim in excess of $230,000 and disallowing the claim as an accelerated arrearage claim in this Chapter 13 case (the "Claim Objection Order").[1]

As of the date of this memorandum decision, the Debtor had not filed an opposition. Nevertheless, because the current motion is one for reconsideration it is within the court's discretion to decide it without an opposition and without a hearing. Hammer 1994 Family Trust v. Van Damme (In re Van

---

[1] The accelerated arrearage claim is the total unpaid balance of a loan that Scenic Oaks made to the Debtor in May 2021. The loan is secured by a deed of trust on the Debtor's residence. The Debtor's son, Juan Navarro ("Mr. Navarro"), is a co-signor on the loan. Scenic Oaks accelerated the loan after it accused Mr. Navarro of misstating his employment status in loan documents.

1　Damme), 2011 WL 3298955, *9 (9th Cir. BAP Feb. 1, 2011) ("Despite
2　Appellants' unsupported argument to the contrary, the bankruptcy
3　court was not required to conduct a hearing nor was [the debtor]
4　required to file an opposition before the court could consider
5　[Appellants'] Motion to Reconsider. . . .  Accordingly, the
6　bankruptcy court did not abuse its discretion in denying
7　Appellants' Motion to Reconsider.").  The hearing on July 18,
8　2023, at 1:00 p.m. will be vacated.

　　　The court has reviewed and considered the motion and all related declarations and exhibits.  The court has also reviewed and takes judicial notice of the docket.  See Fed. R. Evid. 201(c)(1).  This memorandum decision constitutes the court's findings of fact and conclusions of law.  See Fed. R. Civ. P. 52(a); Fed. R. Bankr. P. 7052, 9014(c).  For the reasons explained below, Scenic Oaks' motion to reconsider and vacate the Claim Objection Order will be denied.

## II.

### Background

　　　The current motion arises from new and additional evidence the Debtor submitted with her reply to Scenic Oaks' response to the Debtor's objection to Scenic Oaks' proof of claim, Claim 4-1.  Scenic Oaks objected to the Debtor's reply evidence as untimely, so, on June 7, 2023, the court issued an order in which it provided Scenic Oaks with an opportunity to respond to the reply evidence by June 20, 2023 (the "Reply Evidence Order").  In relevant part, the Reply Evidence Order states as follows:

　　　IT IS FURTHER ORDERED that secured creditor Scenic Oaks

> Funding, LLC ("Creditor") shall have until June 20, 2023, to file and serve a **response** to what it asserts is new or additional evidence submitted with the reply on May 30, 2023. See U.S.D.A. v. Hopper (In re Colusa Regional Medical Center), 604 B.R. 839, 852 (9th Cir. BAP 2019).

Docket 63 at 1 (emphasis added). Anticipating that Scenic Oaks would timely submit counter-evidence to the reply evidence, the Reply Evidence Order also set an evidentiary hearing on the Debtor's claim objection. Id.

Scenic Oaks filed a supplemental brief on June 15, 2023. The supplemental brief included only additional argument regarding the reply evidence. Scenic Oaks did not submit any additional evidence or counter-evidence with its supplemental brief or at any time before June 20, 2023.

In reaching its decision in the Claim Objection Order, the court concluded that the reply evidence rebutted the presumptive validity of Scenic Oaks' proof of claim. The court further concluded that, in the absence of counter-evidence to the reply evidence, Scenic Oaks failed to meet its ultimate burden in the claim objection process as to the validity and amount of its claim. In other words, because the burden shifted back to Scenic Oaks after the Debtor rebutted the presumptive validity of Scenic Oaks' claim with the reply evidence, Scenic Oaks needed something more than what was already then in the record, *i.e.*, it needed counter-evidence to rebut the reply evidence, to meet its ultimate burden in the claim objection process or to at least demonstrate a factual dispute with regard to its burden. See Litton Loan Servicing, LP v. Garvida (In re Garvida), 347 B.R. 697, 707 (9th Cir. BAP 2006) ("Once the debtors, as the objecting

party, produced counter-evidence rebutting the claim, the burden of going forward would have shifted to Litton in the sense that it could provide further evidence to support its claim."). Without counter-evidence to the reply evidence, Scenic Oaks failed to meet its burden rendering the evidentiary hearing unnecessary.[2]

Scenic Oaks now asks the court to reconsider and vacate the Claim Objection Order. Its sole argument is that its attorney misread or failed to comprehend the Reply Evidence Order.

### III.
### Analysis

Filed two days after entry of the Claim Objection Order, Scenic Oaks' current motion is governed by Fed. R. Civ. P. 59(e) applicable by Fed. R. Bankr. P. 9023. First Ave. West Building, LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 561-62 (9th Cir. 2006); see also Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) ("A motion for reconsideration is treated as a motion to alter or amend judgment under [Civil Rule] 59(e) if it is filed within [fourteen] days of entry of judgment. Otherwise, it is treated as a [Civil] Rule 60(b) motion for relief from a judgment or order." (Cleaned up)).

---

[2] Indeed, holding an evidentiary hearing in the absence of timely counter-evidence to the reply evidence would have effectively rewarded Scenic Oaks for its failure to comply with the June 20, 2023, deadline in the Reply Evidence Order. It also would have contradicted and undermined the Reply Evidence Order insofar as it would have allowed Scenic Oaks to submit counter-evidence well after the June 20, 2023, deadline.

Relief under Fed. R. Civ. P. 59(e) is available on four grounds: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law. Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Relief under Fed. R. Civ. P. 59(e) is also "an extraordinary remedy which should be used sparingly." Id.

The first, second, and fourth grounds for relief under Fed. R. Civ. P. 59(e) are inapplicable. Scenic Oaks cites no clear legal or factual error by the court. In fact, its current motion is based on the error of its attorney. Scenic Oaks also cites no new evidence or intervening change in controlling law. That leaves only the third ground, *i.e.*, manifest injustice. In that regard, even if true, counsel's misreading or misunderstanding of the Reply Evidence Order is not an extraordinary circumstance that rises to the level of manifest injustice. See e.g., Dolores Press, Inc. v. Robinson, 2021 WL 374490, *3 (C.D. Cal. Jan. 22, 2021).

To the extent the rule applies, the court would reach the same conclusion were it to consider the current motion under Fed. R. Civ. P. 60(b)(1) applicable by Fed. R. Bankr. P. 9024.

Scenic Oaks will suffer no great prejudice if the Claim Objection Order is not vacated. The Claim Objection Order merely disallows Scenic Oaks' claim as an accelerated arrearage claim in the Debtor's bankruptcy case. It does not disallow the claim in its entirety. Indeed, Scenic Oaks will continue to receive payment under the Debtor's confirmed First Amended Plan- both as

to the arrears resulting from its refusal to accept payment after it accelerated the loan and as to regular monthly payments due on the loan. Although Scenic Oaks may not be paid as quickly as it apparently wants to be paid, it will nevertheless continue to receive payment without any adverse effect on its lien and without any reduction in the amount it is owed.

Scenic Oaks' aggressive pursuit of the Debtor, who made all loan payments except for those Scenic Oaks rejected after it accelerated the loan, leaves the court to wonder how Scenic Oaks treats its borrowers who actually fail to pay. At least with regard to the Debtor, Scenic Oaks appears to be motivated by what it views as an easy opportunity to reap a windfall by seizing the Debtor's home valued somewhere around $534,000 to immediately satisfy a fully-preforming loan with a balance of approximately $230,000. Scenic Oaks' apparent motive reminds the court of a concept in less materialistic Eastern religious thought that power, privilege, and wealth corrupt the soul. The Western rural expression of that idea is "pigs get fat; hogs get slaughtered."

The court also reminds Scenic Oaks that a pending motion alleges it willfully violated the automatic stay on multiple occasions. This court has absolutely no tolerance for a creditor's willful violations of the automatic stay, and it is not shy about applying statutory remedies for automatic stay violations. See In re Valentine, 648 B.R. 324 (Bankr. E.D. Cal. 2022); In re Bradford, 2018 WL 6422858 (Bankr. E.D. Cal. Dec. 4, 2018). In that regard, conduct and motives are relevant when determining whether the court should award punitive damages under 11 U.S.C. § 362(k) for willful stay violations. In re Karmi, 638

1  B.R. 804, 818 (Bankr. D. Kan. 2022) ("[Punitive] damages may also
2  be appropriate under § 362(k) upon consideration of . . . the
3  nature of the defendant's conduct . . . [and] the defendant's
4  motives[.]"); accord In re Moore, 631 B.R. 764, 786 (Bankr. W.D.
5  Wash. 2021).  The more egregious the conduct and motive, the
6  greater the punitive damage award.  See e.g., Sundquist v. Bank
7  of America, N.A., 566 B.R. 563 (Bankr. E.D. Cal. 2017), *vacated
8  in part on other grounds*, In re Sundquist, 580 B.R. 536 (Bankr.
9  E.D. Cal. 2018).
10         Vacating the Claim Objection Order and reopening the
11 evidentiary record to allow Scenic Oaks to now file and serve
12 counter-evidence which should have been filed and served by June
13 20, 2023, would be extremely prejudicial to the Debtor and other
14 parties in interest.  As to the former, prejudice is inherent in
15 the delayed evidentiary disclosure.  And as to the former and the
16 latter, on June 28, 2023, two days after the Claim Objection
17 Order was entered, the court entered an order granting the
18 Debtor's motion to confirm her First Amended Chapter 13 Plan and
19 ordered the First Amended Plan confirmed.  It did so because
20 disposition of the Debtor's objection to Scenic Oaks' claim
21 mooted the only basis on which Scenic Oaks objected to
22 confirmation of the First Amended Plan and the only other
23 objections by the Chapter 13 Trustee were either mooted by the
24 Claim Objection Order or resolved.  Vacating the Claim Objection
25 Order would thus upset critical payment and other rights that
26 have vested as a result of plan confirmation, the least of which
27 is the revesting of estate property in the Debtor.
28         Vacating the Claim Objection Order would also frustrate the

1  Congressional policy of expedient resolution of Chapter 13 cases
2  because it would substantially delay the administration of this
3  case.  This is evident by Scenic Oaks' request in its motion for
4  a status conference in sixty days and an evidentiary hearing
5  sometime thereafter.  At that point, this Chapter 13 case will
6  have been pending for nearly one year without a confirmed plan.

7      Scenic Oaks' current motion also raises the specter of a
8  lack of good faith on its part and on the part of its attorney.
9  In addition to the apparent motivation explained above, Scenic
10 Oaks and its attorney attempt to construe the Reply Evidence
11 Order with words attributed to the order but which are found
12 nowhere in the order.  More precisely, in its motion Scenic Oaks
13 replaces the word "response" with "identify" in an apparent
14 effort to alter the nature of the Reply Evidence Order.  The word
15 change is not insignificant.  It is also intentional, self-
16 serving, and, at best, disingenuous.

17     Scenic Oaks maintains that its attorney read (or apparently
18 misread) the Reply Evidence Order to mean that it need only
19 "identify" the Debtor's new or additional reply evidence.
20 Problem is, as noted above, the word "identify" appears nowhere
21 in the Reply Evidence Order.  Beyond that, it makes absolutely no
22 sense that the court would order Scenic Oaks to merely "identify"
23 the reply evidence when the court did that in the Reply Evidence
24 Order and Scenic Oaks did that in its objection to the reply
25 evidence which resulted in the Reply Evidence Order.  In other
26 words, the reply evidence had already been identified- twice.

27     Scenic Oaks' assertion that the Reply Evidence Order did not
28 require it to submit counter-evidence by June 20, 2023, is

1 equally unpersuasive.  The Reply Evidence Order provides Scenic
2 Oaks with an opportunity to file and serve a "response" to the
3 reply evidence by a specific date.  Immediately thereafter, the
4 order cites the BAP's Colusa opinion.  It appears that neither
5 Scenic Oaks nor its attorney read Colusa because if they did they
6 would have understood and appreciated the significance of the
7 court's use of the word "response" in the context of and in
8 relation to the reply evidence.

9     In Colusa, the BAP explained that the bankruptcy court must
10 allow a party to respond to new or additional evidence submitted
11 for the first time with a reply and that a response includes the
12 opportunity to submit an additional writing and produce counter-
13 evidence.  Colusa, 604 B.R. at 852-53.  Viewed in this context,
14 the Reply Evidence Order clearly provided Scenic Oaks with an
15 opportunity to respond to the reply evidence in writing, which it
16 did with argument in a supplemental brief filed on June 15, 2023,
17 and to submit relevant counter-evidence addressing the reply
18 evidence by a specified deadline, which it did not timely (or
19 otherwise) do.

20     If Scenic Oaks or its attorney found the Reply Evidence
21 Order to be confusing or less than clear, nothing prevented them
22 from asking the court for clarification.  If more time was needed
23 to obtain counter-evidence, nothing prevented Scenic Oaks and its
24 attorney from asking the court for an extension which the court
25 routinely grants (and which the court expects opposing counsel to
26 reasonably stipulate to in the first instance).  Scenic Oaks and
27 its attorney did neither.
28

**IV.**

**Conclusion**

In short, Scenic Oaks has not demonstrated manifest injustice under Fed. R. Civ. P. 59(e). And assuming that Fed. R. Civ. P. 60(b)(1) is applicable, factors typically considered on a request for relief under the rule weigh heavily against relief. Therefore, for the foregoing reasons, and other good cause appearing, Scenic Oaks' motion to reconsider and vacate the Claim Objection Order will be **DENIED**, and the hearing on July 18, 2023, at 1:00 p.m. will be **VACATED**.

A separate order will issue.

**Dated:** July 05, 2023

**Christopher D. Jaime, Judge**
**United States Bankruptcy Court**

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Coby R. Halavais
1 Orchard Rd #110
Lake Forest CA 92630-8315

T. Mark O'Toole
1006 H Street
Modesto CA 95354