**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ) | Case No. 23-90010-B-13 |
| ) | |
| MARIA LUZ NAVARRO, ) | DC No. TMO-4 |
| ) | |
| Debtor(s). ) | |
| _____) | |

**MEMORANDUM DECISION AND ORDER REGARDING VIOLATIONS OF THE AUTOMATIC STAY AND SCHEDULING FURTHER PROCEEDINGS**

**I.**

**Introduction**

Before the court is a *Motion of Debtor for an Award of Compensatory Damages, Punitive Damages, Attorney Fees and Costs Against Scenic Funding [sic], a California Corporation, C&H Trust Deed Service, and Attorney Coby Halavais, Does 1-5*, filed by Chapter 13 debtor Maria Luz Navarro ("Debtor"). The motion asserts that C&H Trust Deed Services ("C&H"), secured creditor Scenic Oaks Funding, LLC ("Scenic Oaks"), and Coby Halavais as the attorney for both C&H and Scenic Oaks ("Attorney Halavais") (collectively, unless otherwise noted, "Respondents"), violated the automatic stay of 11 U.S.C. § 362(a) making Respondents jointly and severally liable for attorney's fees and damages (actual and punitive) under 11 U.S.C. § 362(k)(1). Respondents filed a single opposition.[1] The Debtor filed a reply. The parties also filed evidentiary objections.

The court has reviewed and considered the motion,

---

[1] The opposition reflects that Attorney Halavais represents, and has appeared as the attorney of record for, all Respondents with regards to the current motion. See Local Bankr. R. 2017-1(b)(2)(B).

opposition, reply, all related declarations and exhibits, and the evidentiary objections. The court has also reviewed and takes judicial notice of the docket. See Fed. R. Evid. 201(c)(1).

By its order issued on July 11, 2023, the court bifurcated the Debtor's motion into two phases: (1) a hearing on August 8, 2023, limited to whether the automatic stay was violated; and (2) if it was determined the automatic stay was violated, a separate evidentiary hearing to determine the extent of liability under § 362(k). The first phase is satisfied insofar as Respondents admit that the automatic stay was violated. Paragraph 19 of Attorney Halavais' declaration filed with the opposition states as follows: "With apologies to all, the stay violation was inadvertent and immediately rectified once I learned of the instant Bankruptcy filing." Docket 159 at 5:10-12.

Respondents' admission makes the August 8, 2023, hearing unnecessary. However, as explained below, further proceedings remain necessary and therefore will be ordered. The evidentiary objections will be addressed at that time.

## II.

### Background

C&H is the trustee under a deed of trust recorded against the Debtor's home at 5400 Cora Way, Keyes, California ("Debtor's Residence"). The deed of trust secures a loan that the Debtor, a school district cafeteria worker for over 21 years who never missed a loan payment, obtained from Scenic Oaks in May 2021. The Debtor's son, Juan Navarro ("Mr. Navarro"), is a co-signor on the loan.

Scenic Oaks sold the loan to Wells Fargo after it closed. It repurchased the loan from Wells Fargo after Wells Fargo asserted that Mr. Navarro misstated his employment status in loan documents.

After it repurchased the loan, Scenic Oaks declared the loan in default based on Mr. Navarro's purported misstatement. It then accelerated the loan balance and refused to accept monthly payments from the Debtor. When the Debtor was unable to pay the accelerated loan balance, Scenic Oaks initiated foreclosure proceedings through C&H acting as its duly authorized foreclosure agent and trustee under the deed of trust.

In an effort to save her home from foreclosure, the Debtor filed a Chapter 13 petition on January 10, 2023. The Debtor identifies three postpetition acts that she asserts violated the automatic stay of § 362(a): **(1)** issuance of a Notice of Trustee's Sale on January 11, 2023; **(2)** service of the Notice of Trustee's Sale by posting it on the front door of her home on January 13, 2023; and **(3)** recordation of the Notice of Trustee's Sale with the Stanislaus County Recorder on January 18, 2023.

Respondents do not dispute that any of the foregoing acts occurred or that they occurred on the dates the Debtor asserts they occurred. Paragraphs 8 and 9 of Attorney Halavais' declaration filed with the opposition concede that the Notice of Trustee's Sale was issued on January 11, 2023, at which time it was also sent to a local field agent for service and forwarded to the county recorder to be recorded; (2) ¶ 12 of the same declaration concedes that the Notice of Trustee's Sale was posted on the front door of the Debtor's Residence on January 13, 2023;

1 and ¶ 13 of the same declaration concedes that the Notice of
2 Trustee's Sale was recorded with the Stanislaus County Recorder
3 on January 18, 2023.  And as noted above, in ¶ 19 of the same
4 declaration, Respondents admit these postpetition acts violated
5 the automatic stay.

6 　　　It is also noteworthy that Attorney Halavais states in his
7 declaration that he personally performed each of the three acts
8 that violated the automatic stay for C&H acting as Scenic Oaks'
9 foreclosure agent with regard to Scenic Oaks' foreclosure on the
10 Debtor's Residence.  Moreover, when Attorney Halavais performed
11 each of the three foregoing acts in the course of the foreclosure
12 process, he also (and simultaneously) represented C&H and Scenic
13 Oaks as clients.[2]

14 　　　Although the intentional acts that violated the automatic
15 stay are admitted, the unresolved issue that precludes the court
16 from determining if Respondents' admitted automatic stay
17 violations are technical or willful is one of notice. Eskanos &
18 Adler, P.C. v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2010) ("A
19 willful violation is satisfied if a party knew of the automatic
20 stay, and its actions in violation of the stay were
21 intentional.").  Did the postpetition acts that Respondents admit
22 violated the automatic stay occur with notice of the Debtor's
23 bankruptcy filing and, thus, with notice of the automatic stay?
24 Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191 (9th Cir.

---

26 　　　[2]He identified himself as the "Attorney" for C&H in a
corporate disclosure statement filed earlier in the case.  He
27 identified himself as Scenic Oaks' attorney in prepetition
correspondence to the Debtor and her attorney.  And he is the
28 attorney of record for Scenic Oaks in this Chapter 13 case.

2003) (notice of bankruptcy filing is notice of the automatic stay for purposes of § 362(k)); accord Superior Propane v. Zartun (In re Zartun), 30 B.R. 543, 546 (9th Cir. BAP 1983)). The Debtor asserts they did. Respondents assert they did not.

The Debtor asserts that a paralegal at her attorney's office provided a female clerk employed by C&H with verbal notice of her bankruptcy filing by telephone on the petition date, *i.e.*, January 10, 2023. The Debtor also asserts that the female clerk with whom the paralegal apparently spoke acknowledged receipt of the notice by requesting written confirmation of the bankruptcy filing and providing a fax number where written confirmation could be sent. And the Debtor asserts that written notice of the filing was faxed to C&H on January 16, 2023.

According to Respondents, the Debtor's version of verbal notice never happened. Nor could it. Respondents assert that there is no female clerk employed by C&H who answers the telephone at C&H's office. Instead, according to Respondents, all incoming calls are answered by an automatic call system which directs callers to the appropriate extension none of which are answered by a live person. All calls are apparently routed to voicemail and screened for relevance and a determination as to whether a return call is warranted because the office is staffed by Attorney Halavais alone as a sole practitioner and a large number of sales and irrelevant calls are received. Respondents do not dispute that C&H received written notice of the bankruptcy filing on January 16, 2023, at approximately 2:00 p.m., when they received a facsimile from the Debtor's attorney's office.

Resolution of the factual dispute over notice matters

substantially. It is determinative as to whether the attorney's fees and damages (actual and potentially punitive) sought by the Debtor under § 362(k) are warranted.[3]

## III.

### Discussion

Although on the record before it the court is unable to determine if the admitted violations of the automatic stay are willful for purposes of § 362(k), the court can set parameters for the evidentiary hearing that will follow. In that regard, four provisions of the automatic stay in § 362(a) are implicated with regard to the postpetition issuance, service, and recordation of the Notice of Trustee's Sale.

The first is § 362(a)(1) which stays "the commencement or continuation, including the issuance or employment of process, of judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [Title 11], or to recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(1).

The second is § 362(a)(3) which stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3).

---

[3] Even if the violations were technical in the sense that they were willful but the Debtor suffered no damages or is unable to prove any, the court must still consider attorney's fees under § 362(k). See e.g., Koeberer v. California Bank of Commerce (In re Koeberer), 632 B.R. 680, 690-91 (9th Cir. BAP 2021).

The third is § 362(a)(4) which stays "any act to . . . enforce any lien against property of the estate[.]" 11 U.S.C. § 362(a)(4).

The fourth is § 362(a)(6) which stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(6).

At a very minimum, each of these provisions render the issuance, service, and recordation of the Notice of Trustee's Sale void without regard to notice and, thus, without regard to whether they are technical or willful violations of the automatic stay. In re Valentine, 648 B.R. 324, 334 (Bankr. E.D. Cal. 2022). Respondents appear to acknowledge this insofar as they state that all foreclosure proceedings have been cancelled.

As to potential liability for attorney's fees and damages under § 362(k) if the admitted automatic stay violations are found to be willful, Scenic Oaks' liability arises as a principal. C&H performed each of the three postpetition acts that violated the automatic stay in its role as Scenic Oaks' foreclosure agent and as the trustee under Scenic Oaks' deed of trust. If C&H had notice of the Debtor's bankruptcy filing, then so too did Scenic Oaks as its principal. In re Withrow, 93 B.R. 436, 438 (Bankr. W.D.N.C. 1998) (imputing notice to creditor-principal upon a showing of notice to collection agent, and holding creditor liable for the willful § 362(a) violation of its agent); In re Kennedy, 2023 WL 3011246, *6 (Bankr. N.D. Ga. April 19, 2023) (same). Moreover, under California law, principals are liable for the authorized acts of their agents taken in the course and scope of the agency. Shultz Steel Co. v.

Hartford Accident & Indemnity Co., 187 Cal. App. 3d 513, 518-19 (2d Dist. 1986); In re Oakhurst Lodge, Inc., 2020 WL 598648, *2 (Bankr. E.D. Cal. Feb. 5, 2020) (citing 3 *Witkin*, Summary of Calif. Law, Agency § 168 (2019); Rest.3d, Agency §§ 6.01, 6.02); see also In re Theokary, 444 B.R. 306, 323-24 (Bankr. E.D. Pa. 2014) ("general principles of agency law [] hold that a creditor-principal is liable under § 362(k) for the acts of an agent who willfully violates the automatic stay taken when those acts are within the scope of their principal-agent relationship"). Issuing, serving, and recording the Notice of Trustee's Sale certainly fall within the scope of C&H's role as Scenic Oaks' foreclosure agent and they undoubtedly are acts that Scenic Oaks authorized C&H to take on its behalf in the foreclosure process.[4]

  C&H is also potentially liable for willful violations of the automatic stay as the authorized foreclosure agent for Scenic Oaks that directly performed the three postpetition acts that violated the automatic stay. Jennings v. Parker (In re Parker), 2022 WL 15523089, *2 fn. 2 (9th Cir. Oct. 27, 2022) (citing Sternberg v. Johnston, 595 F.3d 937, 943-45 (9th Cir. 2010), *overruled on other grounds*, America's Servicing Company v. Schwartz-Tallard (In re Schwartz-Tallard), 803 F.3d 1095 (9th Cir. 2015) (en banc)).

---

[4]Scenic Oaks' assertion that it was not directly involved in any of the three postpetition acts that violated the automatic stay is unavailing. A willful stay violation does not require a specific intent to violate the stay. Pinkstaff v. United States (In re Pinkstaff), 974 F.2d 113, 115 (9th Cir. 1992) (quotation omitted).

And by personally performing each of the three acts that violated the automatic stay for clients represented in the foreclosure process, *i.e.*, C&H and Scenic Oaks, Attorney Halavais would also incur individual liability under § 362(k). In re Connor, 641 B.R. 875, 884 (Bankr. E.D. Tenn. 2022) ("Attorneys may be held liable for violations of the automatic stay as a result of actions they have taken or omissions they have made in representation of their clients.") (cleaned up)).  At the same time, so too would C&H and Scenic Oaks because the authorized acts of their attorney, *i.e.*, Attorney Halavais, in matters in which he represents clients, *i.e.*, the foreclosure process, are imputed to the clients, *i.e.*, C&H and Scenic Oaks. In re Bruel, 533 B.R. 732, 789-90 (Bankr. C.D. Cal. 2015).  Independently, it is long-settled law that clients are held accountable for the acts and omissions of their attorneys. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396-97 (1993) (citations omitted).

## IV.

## Conclusion

The hearing on August 8, 2023, at 11:00 a.m. is **VACATED** as unnecessary given Respondents' admission that the automatic stay of § 362(a) was violated.  The following scheduling order governs further proceedings regarding potential liability for attorney's fees and damages under § 362(k):

A.   Evidentiary Hearing Scheduling

Because an evidentiary hearing is necessary, the court will permit the parties to engage in discovery to the full extent

- 9 -

allowed in an adversary proceeding under Part VII of the Federal Rules of Bankruptcy Procedure. See Fed. R. Bankr. P. 9014(c). Discovery may begin immediately and will close on **November 6, 2023.**

An evidentiary hearing is set on **Monday, December 11, 2023, at 10:00 a.m.** The hearing will be held in the Sacramento Courtroom, Courtroom 32, 501 I Street, Sacramento, California. The parties have placed credibility in issue: Respondents by suggesting the paralegal employed by Debtor's attorney is untruthful and the Debtor through its assertion that Respondents have changed their reason for foreclosure. All attorneys and witnesses must therefore be present in court. No video or telephone appearances are permitted.

The evidentiary hearing will address the following:

(1) whether C&H had notice of the Debtor's bankruptcy filing on January 10, 2023;

(2) whether any or all of the three acts that violated the automatic stay are willful stay violations;

(3) if any or all of the three acts that violated the automatic stay are willful stay violations, whether and to what extent attorney's fees and damages are warranted under § 362(k); and

(4) if any or all of the three acts that violated the automatic stay are willful violations, whether and to what extent attorney's fees should be awarded even if damages are not warranted or proven.

Alternate Direct Testimony Declarations of all witnesses and Exhibits must be filed and served by **5:00 p.m. on Monday, November 20, 2023.** No witness will be permitted to provide live testimony without a direct testimony declaration. In-court testimony will be limited to cross-examination and re-direct.

Binders with Exhibits and all original Alternate Direct

- 10 -

Testimony Declarations must be delivered to the Courtroom Deputy by **Wednesday, November 22, 2023.** Debtor's will label Exhibits numerically. Respondents will label Exhibits alphabetically.

Objections to the Alternate Direct Testimony Declarations and Exhibits must be filed and served by **5:00 p.m. on Monday, November 27, 2023.** Objections not made are deemed waived.

B.　Mandatory Settlement Conference

Through Federal Rule of Bankruptcy Procedure 9014(c),[5] the court makes Federal Rule of Bankruptcy Procedure 7016, and its incorporation of Federal Rule of Civil Procedure 16(c)(1) in particular,[6] applicable to all proceedings in the Chapter 13 case.

Federal courts have substantial authority and broad discretion under Federal Rule of Civil Procedure 16(c)(1) and their inherent authority to order a mandatory settlement conference. U.S. v. U.S. Dist. Ct. for Northern Mariana Islands, 694 F.3d 1051, 1057-58 (9th Cir. 2012); accord Grzeslo v. Sauzo, 2023 WL 35979, *2 (E.D. Cal. Jan. 4. 2023). When the court

---

[5]In relevant part, Fed. R. Bankr. P. 9014(c) states:

> The court may at any stage in a particular matter direct that one or more of the other rules in Part VII [not already applicable in a contested matter] shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.

[6]In relevant part, Fed. R. Civ. P. 16(c)(1) states: "If appropriate, the court may require that a party or its representative be present [at a pretrial conference] or reasonably available by other means to consider possible settlement."

orders a mandatory settlement conference:

> If a party or its attorney 'is substantially unprepared to participate—or does not participate in good faith—in the conference,' the district court may, on motion or on its own, issue 'any just orders.' Fed. R. Civ. P. 16(f). Additionally, '[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorneys fees—incurred because of any noncompliance with this rule.' Fed. R. Civ. P. 16(f)(2). Because 'part of the purpose of the sanctioning power is ... to control litigation and preserve the integrity of the judicial process,' '[s]anctions are not only appropriate when the disobedience is intentional but may also be imposed when the disobedience is unintentional.' Pitman v. Brinker Intern., Inc., 216 F.R.D. 481, 484 (D. Ariz. 2003).
>
> Moreover, 'the purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties." Id. For settlement to be possible, both parties must arrive at the settlement conference 'with an open mind and a genuine willingness to meaningfully discuss the strengths and weaknesses of each party's case.' Id.

Marco Crane & Rigging Company v. Greenfield Productions, LLC, 2019 WL 5066823, *4 (D. Ariz. Oct. 9, 2019).

The parties' disputes, both as they pertain to the current motion and in the broader context of the Chapter 13 case, are all about money. Given the potential for costly and time-consuming litigation arising from these monetary disputes, settlement discussions and an effort to reach a global resolution are particularly appropriate. Therefore, in exercise of its discretion, the court will order the parties to participate in a settlement conference.

The court will provide the parties with one of two options: (1) participation in the Bankruptcy Dispute Resolution Program in which the settlement conference will be conducted by an attorney admitted to practice in the Eastern District of California

Bankruptcy Court selected by the court; or (2) with the consent of all parties, a settlement conference before the undersigned presiding judge as the settlement judge. To facilitate an election, by **August 15, 2023**, the Debtor and Attorney Halavais (on his behalf and on behalf of C&H and Scenic Oaks as his clients) shall file a notice of election substantially in the following form:

**Notice of Election Re: Settlement Option**

\_\_\_\_ The party signing below requests assignment to the Bankruptcy Dispute Resolution Program.

- OR -

\_\_\_\_ The party signing below affirmatively requests that the assigned presiding judge participate in the settlement conference, and further, the parties waive any claim of disqualification to the assigned presiding judge trying the case thereafter if necessary.

**IT IS SO ORDERED.**

**Dated:** August 04, 2023

**Christopher D. Jaime, Judge**
**United States Bankruptcy Court**

- 13 -

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

T. Mark O'Toole
1006 H Street
Modesto CA 95354

Coby R. Halavais
1 Orchard Rd #110
Lake Forest CA 92630-8315

Russell D. Greer
PO Box 3051
Modesto CA 95353-3051

- 14 -